IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Keith Adger Smyth, | C/A No. 0:13-2862-RBH-PJG |
| Plaintiff, | |
| vs. | **ORDER** |
| Salvador Bianco, | |
| Defendant. | |

Plaintiff Keith Adger Smyth ("Smyth"), a self-represented pretrial detainee, filed this action seeking relief pursuant to 42 U.S.C. § 1983. Smyth alleges violations of his constitutional rights by the named defendant. This matter is before the court on plaintiff's motions for a jury trial date and for free copies of his discovery documents and copies of his medical records. (ECF Nos. 23 & 25.)

To the extent that Smyth seeks discovery production through his motion, absent a dispute the court generally does not enter the discovery process, which is detailed in the Federal Rules of Civil Procedure. See generally Fed. R. Civ. P. 26 through 37; see also Fed. R. Civ. P. 45. Plaintiff is advised that he does not need specific authorization from the court to obtain discovery from the defendant. Rather, he should direct his discovery requests to the counsel of record for the defendant. If Plaintiff is dissatisfied with the responses he receives from the defendant, he may then file a motion to compel. See Local Civil Rule 37.01 DSC. The court observes that the defendant's response to Plaintiff's motion indicates that they will provide a copy of Smyth's relevant medical records within the deadline provided by the court's Scheduling Order and the Federal Rules of Civil Procedure. (See ECF No. 29 at 2.)

*PJG*

Additionally, while Plaintiff was granted leave to proceed *in forma pauperis* in this matter pursuant to 28 U.S.C. § 1915, this status exempts litigants from paying the filing fees in full at the time the lawsuit is filed; it does not exempt litigants from paying the costs necessary to conduct discovery, the costs of copying and filing documents, service of documents other than the complaint, costs, expert witness fees, or sanctions.  See, e.g., Tabron v. Grace, 6 F.3d 147, 159 (3d Cir. 1993) ("There is no provision in [28 U.S.C. § 1915] for the payment by the government of the costs of deposition transcripts, or any other litigation expenses, and no other statute authorizes courts to commit federal monies for payment of the necessary expenses in a civil suit brought by an indigent litigant."); In re Richard, 914 F.2d 1526 (6th Cir. 1990) (stating that the granting of *in forma pauperis* status "does not give the litigant a right to have documents copied and returned to him at government expense").

Based on the foregoing, it is

**ORDERED** that Plaintiff's motion for discovery is denied.  (ECF No. 25.)  Additionally, Plaintiff's motion for a jury trial date is denied as premature.  (ECF No. 23.)

**IT IS SO ORDERED.**

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

March 12, 2014
Columbia, South Carolina