IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Keith Adger Smyth, | ) | C/A No. 0:13-2862-RBH-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Salvador Bianco, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

The plaintiff, Keith Adger Smyth, a self-represented pretrial detainee, filed this civil rights matter pursuant to 42 U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the defendant's motion to dismiss and/or for summary judgment. (ECF No. 36.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised Smyth of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the defendant's motion. (ECF No. 37.) Smyth filed a response in opposition. (ECF Nos. 43 & 47.) Having carefully considered the parties' submissions and the applicable law, the court concludes that the defendant's motion should be granted.

## BACKGROUND

Smyth alleges that, while a pretrial detainee at the Spartanburg County Detention Center, he was denied medical care and medication by Dr. Salvador Bianco, and that Dr. Bianco would not approve for him to receive extra food and protein shakes. Smyth also alleges that he did not receive certain hygiene items and that he is required to pay for cold medication and for doctor's visits. Smyth seeks monetary damages.

**DISCUSSION**

A.     **Summary Judgment Standard**[1]

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."  Fed. R. Civ. P. 56(c)(1).  Rule 56 mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case."  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).  However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate.  Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial.  See Fed. R. Civ. P. 56(c), (e); Celotex

---

[1] Because the defendant's motion is argued in the alternative as one for summary judgment and attaches an affidavit and medical records, among other things, the court considers the defendant's motion as a motion for summary judgment.  See Fed. R. Civ. P. 12(d).



Corp., 477 U.S. at 322. Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.     Deliberate Indifference—Medical Treatment**

The standard for reviewing medical claims of pretrial detainees under the Fourteenth Amendment is essentially the same as that for a convicted prisoner under the Eighth Amendment—deliberate indifference to serious medical needs. Hill v. Nicodemus, 979 F.2d 987, 991 (4th Cir. 1992); Martin v. Gentile, 849 F.2d 863, 871 (4th Cir. 1988) (citing Estelle v. Gamble, 429 U.S. 97 (1976)). Not "every claim by a prisoner [alleging] that he has not received adequate medical treatment states a violation of the [Constitution]." Estelle, 429 U.S. at 105. A defendant is deliberately indifferent if he has actual knowledge of a substantial risk of harm to a detainee and disregards that substantial risk. Farmer v. Brennan, 511 U.S. 825, 847 (1994); see also Parrish v. Cleveland, 372 F.3d 294, 302 (4th Cir. 2004). The government is required to provide medical care for incarcerated individuals. Estelle, 429 U.S. at 102. However, to establish deliberate indifference, the treatment "must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848 (4th Cir. 1990). Mere negligence, malpractice, or incorrect diagnosis is not actionable under 42 U.S.C. § 1983. See Estelle, 429 U.S. at 106. Further, while the Constitution requires a prison to provide detainees with medical care, it does not demand that a prisoner receive the treatment of his choice. Jackson v. Fair, 846 F.2d



811, 817 (1st Cir. 1988).  "[A detainee's] mere difference of opinion over matters of expert medical judgment or a course of medical treatment fail[s] to rise to the level of a constitutional violation." Nelson v. Shuffman, 603 F.3d 439, 449 (8th Cir. 2010) (internal quotation marks and citation omitted); see also Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985).  Moreover, a prisoner's disagreement as to the appropriate treatment fails to rise to the level of a constitutional claim and fails to create a genuine issue of material fact.  See Nelson, 603 F.3d at 449; see also O'Connor v. Pierson, 426 F.3d 187, 202 (2d Cir. 2005) ("Lay people are not qualified to determine . . . medical fitness, whether physical or mental; that is what independent medical experts are for."); Dulany v. Carnahan, 132 F.3d 1234, 1240 (8th Cir. 1997) ("In the face of medical records indicating that treatment was provided and physician affidavits indicating that the care provided was adequate, an inmate cannot create a question of fact by merely stating that she did not feel she received adequate treatment."); Fleming v. Lefevere, 423 F. Supp. 2d 1064, 1070 (C.D. Cal. 2006) ("Plaintiff's own opinion as to the appropriate course of care does not create a triable issue of fact because he has not shown that he has any medical training or expertise upon which to base such an opinion.").

In support of his motion for summary judgment, Defendant Dr. Salvatore Bianco has provided his own affidavit testimony, as well as Smyth's medical records.  Dr. Bianco avers that he treated Smyth numerous times for a variety of different complaints, including Smyth's complaints regarding his skin condition, difficulty urinating, ingrown toenails, and various alleged injuries. (Bianco Aff. ¶¶ 4-5, ECF No. 36-1 at 2-6.)  Review of the medical records and Dr. Bianco's treatment summary shows that Smyth was seen and treated for his various complaints with, among other things, prescription medication, urinalyses, pain medication, medicated creams, x-rays, pain

injections, skin ointments, mental health medication, and wound care. (See id.; see generally Med. Records, ECF Nos. 36-2 through 36-7.)

Smyth's allegations, as well as his arguments in his response in opposition, appear to focus on his disagreement with the various treatments he received from Dr. Bianco. (ECF No. 47.) For example, Smyth alleges that, upon Smyth's arrival at the Spartanburg County Detention Center, Dr. Bianco did not continue Smyth's prescription for Vyvanse. (ECF No. 3.) Review of the records and Dr. Bianco's affidavit reveals that Smyth was receiving certain medications prior to his arrival at the detention center and that, after assessing Smyth, Dr. Bianco decided to change Smyth to a different prescription. (Bianco Aff. ¶ 4, ECF No. 36-1 at 2.) As stated above, Smyth does not have a claim against the defendant merely because he disagrees with the course of treatment he received. See Jackson, 846 F.2d at 817; Nelson, 603 F.3d at 449; see also O'Connor, 426 F.3d at 202; Dulany, 132 F.3d at 1240; Fleming, 423 F. Supp. 2d at 1070. At most, Smyth's claims allege negligence or medical malpractice, which is not actionable under § 1983. See Daniels v. Williams, 474 U.S. 327, 328-36 & n.3 (1986); Pink v. Lester, 52 F.3d 73, 78 (4th Cir. 1995) ("The district court properly held that Daniels bars an action under § 1983 for negligent conduct."); Ruefly v. Landon, 825 F.2d 792, 793-94 (4th Cir. 1987); see also Estelle, 429 U.S. at 106 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."). To the extent Smyth's Complaint asserts a state law claim of medical malpractice, he has failed to introduce any expert testimony supporting his claim as required by South Carolina law. S.C. Code Ann. § 15-36-100(B); Martasin v. Hilton Head Health Sys. L .P., 613 S.E.2d 795, 799 (S.C. Ct. App. 2005); Jernigan v. King, 440 S.E.2d 379, 381 (S.C. Ct. App. 1993).

To the extent that Smyth alleges that Dr. Bianco deprived Smyth of hygiene items, the record belies such assertion. (See generally Med. Records, ECF Nos. 36-2 through ECF No. 36-7.) Further, to the extent that Smyth alleges that he was charged five dollars to receive medical help and that he had to pay for cold medicine, such claims do not rise to the level of a constitutional violation. See, e.g., Reynolds v. Wagner, 128 F.3d 166, 173-74 (3d Cir. 1997) (finding that the deliberate indifference standard does not guarantee prisoners right to be entirely free from cost considerations that figure in medical care decisions made by most non-prisoners in society); see also Hamm v. Riley, C/A No. 0:05-2046-HMH-BM, 2007 WL 1377611, *9, 15 (D.S.C. May 7, 2007) (finding that a detention center's policy of deducting the costs of hygiene products and a co-pay for medical services was not a violation of detainee's constitutional rights). Smyth has therefore failed to show that the alleged deprivations were sufficiently serious such that they resulted in the denial of the minimal civilized measure of life's necessities or that the defendant actually knew of a substantial risk to Smyth and disregarded that substantial risk. See Farmer, 511 U.S. at 847.

**C.     Other Claims**

To the extent Smyth is attempting to assert any other claims, his Complaint fails to state a plausible claim for relief. See Ashcroft v. Iqbal, 556 U.S. 662, 667-68 (2009).

### RECOMMENDATION

For the above reasons, the court recommends that the defendant's motion for summary judgment be granted. (ECF No. 36.)

September 16, 2014
Columbia, South Carolina

Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).